# EXHIBIT A

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

Bradley Wilson, Individually,
and Bradley Wilson and Brandi
Houghtling, as Husband and Wife,
410 Edmund Street
Aberdeen, Maryland 21001

    Plaintiffs

v.                                                                                                Civil Case No.

CSX Transportation, Inc.
100 North Charles Street
Baltimore, Maryland 21201

(Serve Process on Resident Agent:
The Corporation Trust, Incorporated
2405 York Road, Suite 201
Lutherville, Maryland 21093)

    Defendant

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Bradley Wilson, individually, and Bradley Wilson and Brandi Houghtling, as husband and wife, the plaintiffs, by their undersigned counsel, hereby sue CSX Transportation, Inc. ("CSXT"), the defendant, and state:

### Jurisdiction and Venue

1. Pursuant to § 4-402(e) of Md. Code Ann., Cts. & Jud. Proc. (West 2022), this Court has jurisdiction, since the amount in controversy exceeds $15,000.00, and a jury trial has been prayed.

1

2. Pursuant to § 6-201(a) of Md. Code Ann., Cts. & Jud. Proc. venue is proper in Baltimore City, since that is where the defendant carries on a regular business and maintains its principal office.

Factual Allegations

3. On or about September 17, 2019, the plaintiff Mr. Wilson was lawfully and carefully operating a motor vehicle owned by him on 68th Street in Rosedale, Maryland on his way to work via the sole roadway to get to his workplace. When approaching a CSXT owned and operated railroad crossing the plaintiff exercised the reasonable care that a prudent person would under like circumstances by looking and listening for any possible trains.

4. Unfortunately, CSXT had left a stack railroad ties piled up along the tracks to the right of where the plaintiff was crossing, and failed to properly trim the bushes and trees there which combined to obscure the plaintiff's view. To make matters even worse, CSXT's small railroad crossing sign was placed underneath a stop sign that was positioned in such a way that the plaintiff had to be past the stop sign in order to see any oncoming train because of the obscuring railroad ties, bushes, and trees. By the time the plaintiff was able to do this and was able to actually see a train it was too late for the plaintiff to move his motor vehicle, and a CSXT train ran into the plaintiff's motor vehicle dragging it and the plaintiff approximately half a mile down the tracks. Miraculously, the plaintiff survived the CSXT train hitting him, but he was severely injured, some of which injuries including double vision are permanent according to the plaintiff's doctors at Johns Hopkins Hospital.

5. The CSXT train had just left the close-by train yard, but was traveling at approximately forty-six miles per hour prior to impact.

6. The District Court in a full trial on the traffic case that CSXT somehow arranged for a prosecutor to try instead of just a police officer as is customarily done, found Mr. Wilson not guilty on two tickets and dismissed the third and final one.

7. Following this horrific collision, several local news agencies investigated the matter and determined the following: 1) that from 1975 through the date of this collision on September 17, 2019, thirty-two accidents along this same two-mile stretch of railroad track occurred resulting in two fatalities including at least two collisions at this very same crossing in May 2013, and again in August 2014, thus making it one of the most dangerous stretches in the nation according to one of the news reports; and 2) that over $77,000 in public funds were offered to CSXT to improve the safety conditions, or lack thereof, at this crossing but CSXT chose not to install any flashing signal lights, gates, *etc.*, despite government officials recommending it.

Count I
(Negligence)

8. The plaintiffs hereby re-allege and incorporate by reference all of the allegations contained above with the same force and effect as if fully set forth herein.

9. The defendant owed a duty of care to the plaintiff, and breached that duty by, among other things, failing to exercise reasonable care at a railroad crossing such as a prudent operator of a train would under like circumstances; operating the train at an excessive rate of speed under the circumstances; failing to maintain a proper lookout for motor vehicles at the railroad crossing; failing to have the train under proper control to avoid colliding with a motor vehicle at a railroad crossing; failing to maintain the area around the railroad tracks in a safe condition to avoid obstructing the driver of a motor vehicle from being able to timely see an oncoming train; failing to give reasonable notice of these unsafe conditions; and failing to improve the safety

conditions, or lack thereof, at this railroad crossing by CSXT chosing not to install any flashing signal lights, gates, *etc.*, despite government officials recommending it prior to this collision due to a history of previous train collisions at this railroad crossing.

10. The defendant's breach of its duty of care proximately caused the plaintiff to suffer serious injuries to his body and damages including, but not limited to, multiple fractures, head injuries including permanent double vision, and to endure mental pain and suffering, property-damage loss, and loss of income, all of which were caused solely by the negligence of the defendant without any negligence by the plaintiff.

WHEREFORE, the plaintiffs demand judgment against the defendant in an amount that exceeds Seventy-five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## Count II
### (Loss of Consortium)

11. The plaintiffs hereby re-allege and incorporate by reference all of the allegations contained above with the same force and effect as if fully set forth herein.

12. The plaintiffs were husband and wife at the time of the occurrence that is the subject of this action, and they continued to be married.

13. The negligence of the defendant caused injury to the marital relationship of the plaintiffs including, but not limited to, loss of society, affection, assistance, companionship, and sexual relations.

WHEREFORE, the plaintiffs demand judgment against the defendant in an amount that exceeds Seventy-five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

Respectfully submitted,

_____
Neil J. Bixler
Law Office of Neil J. Bixler, P.A.
1006 S. Macon Street
Baltimore, Maryland 21224
410.878.0785
nbixler@bixlerlaw.com
CPF No. 9212150056

Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

The plaintiffs, by their undersigned counsel, pursuant to Maryland Rule 2-325, hereby demand a trial by jury in this action.

_____
Neil J. Bixler
Law Office of Neil J. Bixler, P.A.
1006. S. Macon Street
Baltimore, Maryland 21224
410.878.0785
nbixler@bixlerlaw.com
CPF No. 9212150056

Attorney for Plaintiffs

## MD. RULE 20-201 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing does not contain any restricted information in this electronic submission.

_____
Neil J. Bixler